IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JH

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | 06CV5087 JUDGE ANDERSEN MAG. JUDGE DENLOW |
| Plaintiff, | ) ) | COMPLAINT |
| v. | ) ) | FILED |
| EXCEPTIONAL DEVELOPMENT INSTITUTE and LUCY M. BIBBS d/b/a Exceptional Development Institute | ) ) ) ) ) | SEP 2 0 2006 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT |
| Defendants | ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices. The Equal Employment Opportunity Commission ("EEOC") alleges that EXCEPTIONAL DEVELOPMENT INSTITUTE and LUCY M. BIBBS doing business as Exceptional Development Institute ("Defendants") discriminated against Armella Bowie ("Bowie") in that they withdrew an offer of employment to Bowie and refused to employ her on account of disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 and Section 707 of Title VII of the Civil Rights

1

Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5, and § 20000e-7.

2. The employment practices alleged to be unlawful were committed within the Northern District of Illinois.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Exceptional Development Institute ("EDI") was doing business in the Northern District of Illinois and had at least 15 employees.

5. At all relevant times, EDI was an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, EDI was a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. At all relevant times, Lucy M. Bibbs d/b/a Exceptional Development Institute ("Bibbs) was doing business in the Northern District of Illinois and continuously had at least 15 employees.

8. At all relevant times, Bibbs was an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

9. At all relevant times, Bibbs was a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

10. At all relevant times EDI and Bibbs ("Defendants") have acted as a single or joint employer with respect to Bowie.

## STATEMENT OF CLAIMS

11. More than thirty days prior to the institution of this lawsuit, Bowie filed a charge with the EEOC alleging violations of Title I of the ADA by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. In 2004 Defendants withdrew an offer of employment to and failed and refused to employ Bowie on account of disability, in violation of Sections 102(a) and (b)(1) and (b)(5)(B) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(1) and (b)(5)(B).

13. The effect of the practices complained of in paragraph 12 above has been to deprive Bowie of equal employment opportunities and otherwise adversely affect her status as an employee, because of disability.

14. The unlawful employment practices complained of in paragraph 12 above were intentional.

15. The unlawful employment practices complained of in paragraph 12 above were done with malice or with reckless indifference to the federally protected rights of Bowie.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining each Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in employment practices which discriminate on the basis of disability.

B. Order each Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of the unlawful employment practices of each Defendant.

C. Order each Defendant to make whole Bowie by providing compensation for non-pecuniary losses resulting from the unlawful practices complained of in paragraph 12 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

D.  Order each Defendant to make whole Bowie by providing appropriate back pay with pre-judgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

E.  Order each Defendant to pay Bowie punitive damages for its malicious and reckless conduct, as described in paragraph 12 above, in an amount to be determined at trial.

F.  Grant such further relief as the Court deems necessary and proper in the public interest

G.  Award the Commission its costs of this action.

**Remainder of this page intentionally left blank**

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD COOPER
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Equal Employment Opportunity Commission
1800 L Street, N.W.
Washington, DC 20507

John C. Hendrickson
Regional Attorney

Gregory Gochanour
Supervisory Trial Attorney

Gordon Waldron
Senior Trial Attorney
Equal Employment Opportunity Commission
Chicago District Office
500 W. Madison St., Suite 500
Chicago, Illinois 60661
(312) 353-7525